UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr No. 4:09-73 |
| vs. ) | |
| ) | ORDER |
| Tayron Franklin Hines ) | |
| ) | |

This matter is before the Court on a number of pending motions filed by defendant. On August 22, 2011, defendant filed an "18 USC § 3582(c)(2) Motion to reduce sentence pursuant to the New Crack Cocaine Amendment." (Doc. # 1018). On September 16, defendant filed a "Motion to Enforce the Plea Agreement" in which defendant requests that this Court order the government to file a Rule 35(b) motion on his behalf. (Doc. # 1021). Subsequently, on October 21, 2011, defendant filed a "Motion to Amend the 18 USC § 3582(c)(2) petition to reduce sentence pursuant to the Fair Sentencing Act and Permanent Crack Cocaine Amendment." (Doc. # 1025). Finally, on November 1, 2011, defendant filed a "Motion requesting this Court to liberally construe his Fair Sentencing Act Motions as request for relief pursuant to Amend[ment] [sic] 750, CHPT A." (Doc. # 1028). On December 16, 2011, the government filed a response in opposition to defendant's pending motions. Thereafter, defendant filed a Reply dated December 28, 2011.

As to defendant's initial "18 USC § 3582(c)(2) Motion to reduce sentence pursuant to the New Crack Cocaine Amendment" filed on August 22, 2011, the Court finds this motion to be without sufficient merit. Amendment 750 has no impact on defendant's sentence because the statutory mandatory minimum in his case was higher than the applicable guideline range. See Presentence Investigation Report ("PSI"), paragraphs 78 and 79. Under those circumstances the statutorily mandatory minimum takes precedence and becomes the guideline sentence. See U.S.S.G.

1

§ 5G1.1(b). Furthermore, even though defendant was sentenced below the statutory minimum based on a downward departure for substantial assistance, Amendment 750 is still inapplicable to his sentence because his original guideline range was not based on the crack guidelines, but rather, on the statutory minimum. See United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009). Thus, defendant does not benefit from Amendment 750, and his "18 USC § 3582(c)(2) Motion to reduce sentence pursuant to the New Crack Cocaine Amendment" is DENIED. (Doc. # 1018).

In defendant's subsequent "Motion to Amend the 18 USC § 3582(c)(2) petition to reduce sentence pursuant to the Fair Sentencing Act and Permanent Crack Cocaine Amendment" filed on October 21, 2011, he requests that the Fair Sentencing Act of 2010 be applied to him retroactively, such that he would be subject to a lower statutory minimum. The Fair Sentencing Act, which became effective on August 3, 2010, raised the drug quantity thresholds that trigger statutory mandatory minimum and maximum penalties for crack cocaine offenses, thereby essentially reducing those penalties. However, the Act was not expressly made retroactive. Furthermore, in this case, defendant was sentenced on April 6, 2010, prior to the effective date of the Act. Under these circumstances, it is the government's position, and the law of the Fourth Circuit, that the Fair Sentencing Act is not retroactively applicable to defendant's case. United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir. 2011). Therefore, defendant's "Motion to Amend the 18 USC § 3582(c)(2) petition to reduce sentence pursuant to the Fair Sentencing Act and Permanent Crack Cocaine Amendment" is DENIED. (Doc. # 1025).

As to defendant's brief "Motion requesting this Court to liberally construe his Fair Sentencing Act Motions as request for relief pursuant to Amend[ment] [sic] 750, CHPT A" filed on November 1, 2011, the Court concludes that this motion must also be DENIED. (Doc. # 1028). As

previously noted, defendant is not entitled to relief under either Amendment 750 or the Fair Sentencing Act.

Defendant also filed a September 16, 2011 "Motion to Enforce the Plea Agreement," in which defendant requests that this Court order the government to file a Rule 35(b) motion on his behalf. Rule 35(b) of the Federal Rules of Criminal Procedure establishes that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26, 1999)(unpublished)(requiring a substantial threshold showing on the first factor); Wallace, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case the Court concludes that there is no appropriate basis to reduce defendant's sentence. Specifically, the government has not made a motion pursuant to Rule 35(b), nor has

defendant presented evidence that the government obligated itself to file such a motion. Additionally, the Court cannot conclude that defendant has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under Wallace. In sum, defendant has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, based on the foregoing reasons, the Court concludes that defendant's September 16, 2011 "Motion to Enforce the Plea Agreement" is without merit. (Doc. # 1021).

For the reasons state above, defendant's pending motions are hereby **DENIED**. (Docs. # 1018, # 1021, # 1025, and # 1028).

The Court notes that defendant prematurely filed a Notice of Appeal on February 15, 2012, indicating that he wished to appeal the Court's denial of a reduction under 3582(c)(2). (Doc. # 1046). At the time this correspondence was received, no Court action had been taken on defendant's motion(s). However, now that a Court ruling has been entered, out of an abundance of caution, the Clerk is requested to re-docket defendant's notice of appeal as of the entry date of this Order.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

August 23, 2012
Florence, South Carolina